# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. GREGORY,<br><br>                Plaintiff,<br>vs.<br>COUNTY OF SAN DIEGO,<br>WILLIAM D. GORE, SHERIFF,<br>COUNSELOR JENNIFER MONTIEL,<br>and DOES I through XX, inclusive,<br><br>                Defendants. | CASE NO. 13cv1016-WQH-JMA<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is the Motion to Dismiss Complaint ("Motion to Dismiss"), filed by all Defendants. (ECF No. 10).

## I. Background

    On April 29, 2013, Plaintiff Patricia A. Gregory, proceeding *pro se*, filed a Complaint in this Court. (ECF No. 1).

### A. Allegations of the Complaint

    "On March 13, 2011, Plaintiff, a family law attorney, was placed on inactive status after a three day trial [before a California State Bar trial court] charging her with misappropriation of $112,000 in trust funds in regards to two former clients, Luwain Ng and Denise Doll." *Id.* ¶ 9. "Plaintiff filed a motion for review based upon perjured testimony of the clients, prosecutorial misconduct and trial court error.... Prior to the

1  State Bar Review Court's ruling, on September 29, 2011, Plaintiff was charged with 11
2  felony charges adding up to possibly 20 years in State Prison." *Id.* ¶¶ 9-10. "On
3  January 23, 2012 Plaintiff signed a plea bargain/no contest to one felony and two
4  misdemeanor counts because she been frightened and intimidated with the eleven felony
5  charges made against her and the corresponding prison time. Plaintiff also feared that
6  the perjured statements of the former clients made at the state bar trial would be
7  believed at a criminal trial." *Id.* ¶ 15. "At the end of February 2012, the Review
8  Department [of the State Bar of California] affirmed the [State Bar] Trial Court's
9  ruling." *Id.*, Ex. 8, ECF No. 1-2.

10      "On February 24, 2012 Plaintiff was sentenced to one year in [Las Colinas
11  Women's Jail] based in part on the large amount of fees at issue and was immediately
12  taken into custody from the courtroom." *Id.* ¶ 20, ECF No. 1. "Several days after
13  Plaintiff's incarceration she began to request the use of the Las Colinas law library....
14  Plaintiff wanted to use the law library to research issues from the state bar trial that
15  formed the basis for her criminal conviction and subsequent restitution order. Plaintiff
16  wanted to investigate if she was entitled to relief from her criminal conviction and
17  length of sentence. She also had to research the upcoming deadline for her petition for
18  a writ of review [of the State Bar proceeding] to the Supreme Court." *Id.* "Plaintiff
19  made about four visits to the law library, over a ten-day period, each visit lasting
20  approximately two hours.... Then, without notice or reason, her requests for library
21  time went unanswered." *Id.* Plaintiff submitted "Inmate Request forms" on March 12,
22  2012 and March 14, 2012, seeking law library access. *Id.* ¶¶ 21-22. For the last two
23  weeks of March 2012, "there was absolutely no access to the law library or legal
24  research materials." *Id.* ¶ 23. On April 1, 2012, Plaintiff received "a notice that the
25  Law Library had been replaced by a legal research service." *Id.* "The legal research
26  service limited inmate requests to only ONE per calendar month and only FIVE
27  questions could be asked each month." *Id.* "This service was woefully deficient...."
28  *Id.*

On April 18, 2012 and April 30, 2012, Plaintiff sent handwritten letters to the Supreme Court of California "explaining that she was incarcerated and unable to comply with procedures, fearful that she would miss the deadline for submitting a petition for writ of review [of the State Bar proceeding]." *Id.* ¶ 26. On April 24, 2012, May 4, 2012, and June 4, 2012, a deputy clerk with the Supreme Court of California wrote to Plaintiff stating that, "[t]o consider your petition, we require the petition to be in the proper form," and "[i]t is still not clear which State Bar discipline matter you are appealing." *Id.*, Exs. 7, 9, 10, ECF No. 1-2. On June 15, 2012, Plaintiff sent another letter to the Supreme Court of California. *Id.* ¶ 30, ECF No. 1. "On June 28, 2012, the [Supreme Court] clerk acknowledged Plaintiff's letter of June 15, 2012, however the deadline for submitting a petition had pas[sed]. He further explained that the documents returned to the Plaintiff were due to her failure to provide clarification and original verification." *Id.* "It was impossible for Plaintiff to clarify as she had no access to the tools necessary to comply. The verification form would have accompanied the petition, but Plaintiff was unable to prepare a petition without access to adequate research materials. There was no access to a copy machine to make three copies as required." *Id.* "The lack of a law library, lack of research materials and lack of the tools needed to draft and make copies of a petition caused Plaintiff to miss the deadline for filing a writ of petition to the Supreme Court regarding the underlying ruling of her criminal conviction and restitution order." *Id.*

"Defendants ... violated Plaintiff's First, Sixth and Fourteenth amendment rights causing actual injury to Plaintiff." *Id.* ¶ 8. "The constitutionally defective policies and practices of Defendants as described within [the Complaint], stymied Plaintiff's access to the courts, resulting in Plaintiff's inability to file a timely appeal to an administrative ruling of the State Bar of California while she was incarcerated. And as the State Bar's ruling formed a basis for Plaintiff's conviction, confinement and restitution orders, Plaintiff's inability to access the courts to address trial court errors, resulted in pain, suffering, physical injury and emotional distress." *Id.*

On August 10, 2012, Plaintiff was released from custody. *Id*. ¶ 3.

The Complaint alleges that "once the State Bar's ruling became final, that ruling acted as res judicata as to the subsequent amount of criminal restitution ordered and supported the length of the criminal sentencing. Plaintiff never had the opportunity to petition the Supreme Court for a review of this administrative ruling as she is entitled. Plaintiff had a constitutional right to access the courts in order to properly address this crippling ruling, a right that was cruelly denied by the arbitrary acts of Defendants." *Id*. ¶ 56. Pursuant to 28 U.S.C. § 1983, the Complaint seeks declaratory relief, compensatory damages in the amount of $250,000 against each Defendant, and punitive damages in the amount of $250,000 against each Defendant. *Id*. ¶¶ 57-59.

**B.     Motion to Dismiss**

On June 24, 2013, all Defendants jointly filed the Motion to Dismiss. (ECF No. 10). In conjunction with the Motion to Dismiss, Defendants filed a Request for Judicial Notice of certified copies of the "Felony Minutes" from the San Diego County Superior Court in the criminal case against Plaintiff. (ECF No. 10-2).[1] The "Felony Minutes" indicate that, at Plaintiff's sentencing on February 24, 2012, Plaintiff was ordered to pay restitution to the victims "in an amount to be determined" at a later hearing. *Id*. at 3. At hearings on March 26, 2012, May 2, 2012, July 5, 2012, and September 9, 2012, the restitution hearing was repeatedly continued to a future date. *Id*. at 5-11. At the restitution hearing on October 22, 2012, Plaintiff was ordered to "pay the following stipulated amounts: to Luwain Ng = $43,130; to Denise Doll = $41,865.48." *Id*. at 13. Plaintiff was no longer incarcerated at the time of the September 9, 2012 and October 22, 2012 hearings. *Id*. at 11, 13. At all hearings in Plaintiff's criminal case prior to September 12, 2012, Plaintiff was represented by retained counsel. *Id*. at 3-9. At the September 9, 2012 and October 22, 2012 hearings, a public defender appeared as attorney for Plaintiff. *Id*. at 11, 13.

---

[1] The unopposed Request for Judicial Notice is granted. *See United States v. Howard*, 381 F.3d 873, 876 (9th Cir. 2004) (stating that a court may take judicial notice of court records in another case).

1        Defendants move to dismiss the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants contend that the Complaint fails to state a claim of denial of access to the courts because:

> Plaintiff has failed to establish the requisite element of actual injury in her Complaint. Plaintiff's claim that Supreme Court review of the disbarment recommendation would somehow affect her underlying conviction is frivolous. In addition, the alleged inadequacy of the law library or legal research service has not deprived Plaintiff of her ability to petition the Supreme Court, as evidenced by her numerous letters to the Court Clerk, the responsive letters advising of the requirements of the petition, and her own brief to the Bar Court. Moreover, she was represented by counsel at all times in the criminal proceedings.

(ECF No. 10-1 at 5).

        On July 16, 2013, Plaintiff filed an opposition to the Motion to Dismiss. (ECF No. 14). Plaintiff contends:

> Plaintiff quite clearly established the element of actual injury. First, Plaintiff's inability to petition the Supreme Court was not frivolous. The results of the State Bar trial formed the basis for the criminal proceedings. The District Attorney provided the probation department with pages of information from the State Bar trial. Then the probation department referenced that information in its subsequent recommendation that was accepted by the criminal court in its entirety and was made the order of the court. The terms of Plaintiff's confinement were in fact based upon the amount of alleged funds at issue as cited in the probation report. Thus the criminal sentencing was based upon the probation report which directly reflected the erroneous findings of the State Bar Court.

*Id*. at 4-5. Plaintiff states that she "*never* had an attorney throughout the State Bar proceedings as she could not afford one." *Id*. at 6. Plaintiff contends that her petition to the Supreme Court would not have been frivolous because: "The State Bar could find misappropriation in the method in which the funds were removed, but if and this is the big IF, the State Bar court had addressed the issue of unpaid fees still owing to Plaintiff, the ruling of misappropriation would stand but the amount misappropriated could be zero. And it was the amount of the alleged misappropriation that caused the probation officer to recommend such a harsh sentence, a recommendation that was accepted by the criminal court in its entirety." *Id*. at 19-20. Plaintiff requests leave to amend the Complaint if the Motion to Dismiss is granted. *Id*. at 22.

        On July 17, 2013, Defendants filed a reply in support of the Motion to Dismiss.

(ECF No. 15).

## II.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pac. Police Depot*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

*Pro se* complaints are held to a less stringent standard than formal pleadings by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* plaintiff's complaint must be construed liberally to determine whether a claim has been stated. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). However, a *pro se* litigant's pleadings still must meet some minimum threshold in providing the defendant with notice of what it is that it allegedly did wrong. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir.

1995) ("Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure.").

## III.  Discussion

Prisoners have a constitutional right of meaningful access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). To establish a constitutional claim for denial of access to the courts, a plaintiff must show that the denial has hindered her ability to bring a non-frivolous legal claim. *See id*. at 351-53 & n.3. The right of access protects only non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *See id*. at 353-55 & n.3; *see also id*. at 355 ("The tools [*Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.").

Plaintiff's appeal of the State Bar proceedings against her is neither an appeal of her criminal case, nor a habeas petition, nor a § 1983 claim. Accordingly, *Bounds* and *Lewis* are inapplicable, and Plaintiff has failed to state a cognizable claim for denial of access to the courts. Plaintiff alleges that "the State Bar's ruling formed a basis for Plaintiff's conviction, confinement and restitution orders." (ECF No. 1 ¶ 8). Even if this allegation were sufficient to make *Bounds* and *Lewis* applicable, Plaintiff has failed to adequately allege facts to show that her claim would not be barred by the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), which prevents a person from bringing a civil rights action that "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." *Id*. at 487; *see also id*. at 486-87 ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

1   tribunal authorized to make such determination, or called into question by a federal
2   court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.").

3        Even if Plaintiff had adequately alleged that *Bounds* and *Lewis* are applicable and
4   her claim is not barred by the *Heck* rule, Plaintiff has failed to plausibly allege facts to
5   show that an appeal of the State Bar proceedings in the summer of 2012 would have
6   enabled Plaintiff to overturn her January 23, 2012 guilty plea and/or her February 24,
7   2012 sentencing in the criminal case. Plaintiff also has failed to plausibly allege that
8   Plaintiff (or Plaintiff's attorney) was prevented from meaningfully challenging the
9   restitution amounts in the criminal case due to her failure to file an appeal of the State
10  Bar proceeding. *Cf.* Felony Minutes of October 22, 2012 Restitution Hearing, ECF No.
11  10-2 at 13 (indicating that Plaintiff was no longer incarcerated, present at the hearing,
12  represented by counsel at the hearing, and the restitution amounts were "stipulated").
13  There are no allegations that Plaintiff appealed her criminal case or filed a habeas
14  petition challenging any aspect of the criminal case. The record reflects that Plaintiff
15  was represented by counsel at all times in the criminal proceedings. *Cf. United States*
16  *v. Wilson*, 690 F.2d 1267, 1271-72 (9th Cir. 1982) (availability of court-appointed
17  counsel satisfies the constitutional obligation to provide meaningful access to the
18  courts). To the extent Plaintiff alleges that appeal of the State Bar proceeding was the
19  only meaningful way to challenge her criminal conviction, sentence and restitution
20  amount, Plaintiff has failed to plausibly allege that Defendants hindered Plaintiff's
21  ability to bring a non-frivolous legal claim. *Lewis*, 518 U.S. at 353 & n.3 (holding that,
22  to establish a constitutional claim for denial of access to the courts, a plaintiff must
23  show that the denial has hindered her ability to bring a "non-frivolous legal claim").
24  The Motion to Dismiss is granted.

25  **IV.   Conclusion**

26       IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED. (ECF No.
27  10). The Complaint is DISMISSED without prejudice. No later than 30 days from the
28  date this Order is filed, Plaintiff may file a motion for leave to file a first amended

complaint, accompanied by a proposed first amended complaint. If Plaintiff fails to timely file a motion for leave to file a first amended complaint, this case shall remain closed without further order of the Court.

DATED: October 15, 2013

**WILLIAM Q. HAYES**
United States District Judge