# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. GREGORY,<br><br>                      Plaintiff,<br>vs.<br>COUNTY OF SAN DIEGO,<br>WILLIAM D. GORE, SHERIFF,<br>COUNSELOR JENNIFER MONTIEL,<br>and DOES I through XX, inclusive,<br><br>                      Defendants. | CASE NO. 13cv1016-WQH-JMA<br><br>ORDER |

HAYES, Judge:

On October 15, 2013, the Court granted the motion to dismiss filed by Defendants, dismissed the Complaint without prejudice, and permitted Plaintiff to file a motion for leave to file a first amended complaint. (ECF No. 16).

On November 13, 2013, Plaintiff filed a Motion for Leave to File First Amended Complaint, accompanied by a proposed first amended complaint. (ECF No. 17). Plaintiff states that "[t]he amended complaint remedies the defects of the original complaint in that it states additional facts and clarifies existing facts to clearly illustrate how the conduct of the defendants were indeed the proximate cause of the foreseeable injuries suffered by the plaintiff." *Id*. at 2. On November 20, 2013, Defendants filed an opposition to the Motion for Leave to File First Amended Complaint. (ECF No. 26). Defendants contend that "the first amended complaint remains implausible and amendment would be futile." *Id*. at 2. On December 8, 2013, Plaintiff filed a reply in support of the Motion for Leave to File First Amended Complaint. (ECF No. 19).

1    Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given
2 when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with
3 extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th
4 Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court
5 considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing
6 party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not
7 all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice
8 to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at
9 1052 (citation omitted). "The party opposing amendment bears the burden of showing
10 prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).
11 "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there
12 exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence*
13 *Capital*, 316 F.3d at 1052.

14    After review of the motion, the proposed first amended complaint and the filings
15 of the parties, the Court concludes that Defendants have not made a sufficiently strong
16 showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor
17 of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. The Court will
18 defer consideration of any challenge to the merits of the proposed first amended
19 complaint until after the amended pleading is filed. *See Netbula v. Distinct Corp.*, 212
20 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of
21 challenges to the merits of a proposed amended pleading until after leave to amend is
22 granted and the amended pleading is filed.").

23    IT IS HEREBY ORDERED that the Motion for Leave to File First Amended
24 Complaint is GRANTED. (ECF No. 17). Plaintiff shall file the proposed first amended
25 complaint attached to the motion within ten days of the date of this Order.

26 DATED: January 13, 2014

27

28                              *William Q. Hayes*
                              **WILLIAM Q. HAYES**
                              United States District Judge