**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

PATRICIA A. GREGORY,

Plaintiff,

vs.

COUNTY OF SAN DIEGO, WILLIAM D. GORE, SHERIFF, COUNSELOR JENNIFER MONTIEL, and DOES I through XX, inclusive,

Defendants.

CASE NO. 13cv1016-WQH-JMA

ORDER

HAYES, Judge:

The matter before the Court is the Motion to Dismiss First Amended Complaint ("Motion to Dismiss"), filed by all Defendants. (ECF No. 22).

**I. Background**

On April 29, 2013, Plaintiff Patricia A. Gregory ("Plaintiff"), proceeding *pro se*, filed a Complaint in this Court. (ECF No. 1). On October 15, 2013, the Court issued an Order granting Defendants' Motion to Dismiss the Complaint. (ECF No. 16). On January 21, 2014, Plaintiff filed a First Amended Complaint, which is the operative pleading. (ECF No. 21).

**A. Allegations of the First Amended Complaint**

"On March 13, 2011, [Plaintiff], a family law attorney, was placed on inactive status and charged [in a California State Bar trial court] with misappropriation of

$112,000 in [client] trust funds. Plaintiff filed a motion for review based upon perjured testimony of the clients, prosecutorial misconduct and trial court error." *Id.* ¶ 14.

On September 29, 2011, Plaintiff was charged in San Diego County Superior Court with 11 felony charges alleging that Plaintiff embezzled funds from client accounts. *Id.* ¶ 15. On January 23, 2012, Plaintiff signed a plea bargain/no contest to one felony and two misdemeanor counts because Plaintiff "feared [her former] clients' false statements would be believed at a criminal trial," "Plaintiff was intimidated by her attorney who constantly reminded her that she was facing 20 years in prison if the case went to trial," and Plaintiff "was led to believe that she would not be incarcerated and she would be obligated to only pay $50 per month in restitution." *Id.* ¶ 19.

"On February 24, 2012, [Plaintiff] was sentenced to one year in [Las Colinas Women's Jail] based on the large amount of fees at issue." *Id.* ¶ 24. "Several days after [Plaintiff]'s incarceration [began], she began to request the use of the Las Colinas law library." *Id.* Plaintiff used the law library to "prepare appeals for the sentencing and state bar rulings [recommending that Plaintiff be disbarred]." *Id.* Plaintiff made four visits to the law library, over a ten-day period, each visit lasting approximately two hours. *Id.* "Then, without notice or reason, her requests for library time went unanswered." *Id.* Plaintiff submitted "Inmate Request forms" on March 12, 2012 and March 14, 2012, seeking law library access. *Id.* ¶¶ 25-26.

On April 1, 2012, Plaintiff received "a notice that the Law Library had been replaced by a legal research service." *Id.* ¶ 27. "The legal research service limited inmate requests to only ONE per calendar month and only FIVE questions could be asked each month." *Id.* "This service was woefully deficient...." *Id.*

On April 18, 2012 and April 30, 2012, Plaintiff sent handwritten letters to the Supreme Court of California "explaining that she was incarcerated and unable to comply with procedures, fearful that she would miss the deadline for submitting a petition for writ of review [of the State Bar proceeding]." *Id.* ¶ 30; *see also id.* ¶ 31. On April 24, 2012, May 4, 2012, and June 4, 2012, a deputy clerk with the Supreme

Court of California wrote to Plaintiff stating that, "[t]o consider your petition, we require the petition to be in the proper form." *Id* ¶¶ 30, 32; *see also id*. ¶ 33. On June 15, 2012, Plaintiff sent another letter to the Supreme Court of California. *Id*. ¶ 34. "On June 28, 2012, the [Supreme Court] clerk acknowledged Plaintiff's letter of June 15, 2012, however the deadline for submitting a petition had pas[sed]." *Id*. "The lack of a law library, lack of research materials and lack of the tools needed to draft and make copies of a petition caused Plaintiff to miss the deadline for filing a writ of petition to the Supreme Court regarding the underlying ruling of her criminal conviction and restitution order." *Id*.

"Defendants ... violated Plaintiff's First, Sixth and Fourteenth amendment rights causing actual injury to Plaintiff." *Id*. ¶ 8. "Defendants interfered with [Plaintiff's] ability to file an appeal of her sentencing and her appeal of the State Bar ruling because they shut her out from all access to legal information for over 60 days. [Plaintiff] was trying to collaterally attack the criminal judgment with a reversal of the State Bar ruling." *Id*. ¶ 34.

On August 10, 2012, Plaintiff was released from custody. *Id*. ¶ 3.

"Once Plaintiff was denied access to petition the Supreme Court of California for review of the State Bar's ruling, she was permanently disbarred." *Id*. ¶ 56. "The issue of outstanding unpaid legal fees was *not* adjudicated in the State Bar's ruling.... Once the State Bar's ruling became final, that ruling acted as *res judicata* as to the subsequent amount of criminal restitution ordered and supported the length of the criminal sentencing." *Id*. "Plaintiff never had the opportunity to petition the Supreme Court for a review of this administrative ruling yet constitutionally she is entitled to collaterally attack the criminal judgment. Plaintiff had a constitutional right to access the courts in order to properly address this crippling ruling, a right that was cruelly denied by the arbitrary acts of Defendants." *Id*.

Pursuant to 28 U.S.C. § 1983, the First Amended Complaint seeks declaratory relief, compensatory damages in the amount of $250,000 against each Defendant, and

punitive damages in the amount of $250,000 against each Defendant. *Id.* ¶¶ 57-59. The requested damages "represents the damages inflicted upon Plaintiff due to her incarceration and loss of earnings." *Id.* ¶ 55.

**B. Motion to Dismiss**

On February 3, 2014, Defendants filed the Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 22). Defendants move to dismiss the First Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), and request that the Court take judicial notice of documents filed in the underlying criminal case, *People v. Gregory*, San Diego County Superior Court Case No. SCN297131, and the opinion issued by the Review Department of the State Bar of California in the underlying State Bar proceeding.[1] (ECF Nos. 10-2, 18-1). Defendants contend that Plaintiff was not entitled to collaterally attack her criminal conviction by filing a petition for review of the State Bar ruling because Plaintiff pled guilty in the criminal case and stipulated to the amount of restitution. Defendants contend that Plaintiff's action is not cognizable pursuant to *Lewis v. Casey*, 518 U.S. 343 (1996), and is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

On February 24, 2014, Plaintiff filed an opposition to the Motion to Dismiss. (ECF No. 23). Plaintiff contends that her action is cognizable pursuant to *Lewis*, and is not barred by *Heck*. *Id.* at 5 (citing *Nonette v. Small*, 316 F.3d 872 (2002), and *Spencer v. Kemna*, 523 U.S. 1 (1998)). Plaintiff contends that she "was injured when the Defendants completely shut down the Las Colinas law library, without providing any viable alternative within the 60-day period needed to challenge her State Bar ruling which formed the basis for her criminal complaint. By completely eliminating the law library, the Defendants prevented Plaintiff from directly or collaterally attacking any or all portions of the judgment." *Id.* at 20. Although Plaintiff was represented by counsel in the criminal case, Plaintiff contends that "[h]er incompetent attorneys failed

---

[1] The unopposed request for judicial notice is granted. *See United States v. Howard*, 381 F.3d 873, 876 (9th Cir. 2004) (stating that a court may take judicial notice of court records in another case).

to speak with the Plaintiff for a month following the judgment and would not provide her complete file prior to her release." *Id.* Plaintiff requests leave to amend the First Amended Complaint if the Motion to Dismiss is granted. *Id.*

On February 25, 2014, Defendants filed a reply in support of the Motion to Dismiss. (ECF No. 24).

**II. Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pac. Police Depot*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

*Pro se* complaints are held to a less stringent standard than formal pleadings by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* plaintiff's complaint must be construed liberally to determine whether a claim has been stated.

*See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). "Although [courts] construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**III. Discussion**

Prisoners have a constitutional right of meaningful access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). To establish a constitutional claim for denial of access to the courts, a plaintiff must show that the denial has hindered her ability to bring a non-frivolous legal claim. *See id*. at 351-53 & n.3. The right of access protects only non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *See id*. at 353-55 & n.3; *see also id*. at 355 ("The tools [*Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."); *cf. Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1159-60 (9th Cir. 2003) ("[A] prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim").

Plaintiff alleges that she "was trying to collaterally attack the criminal judgment with a reversal of the State Bar ruling." (ECF No. 21 ¶ 34). Plaintiff alleges that "[t]he issue of outstanding unpaid legal fees was *not* adjudicated in the State Bar's ruling.... Once the State Bar's ruling became final, that ruling acted as *res judicata* as to the subsequent amount of criminal restitution ordered and supported the length of the criminal sentencing." *Id*. ¶ 56.

Plaintiff's appeal of the State Bar ruling against her is neither an appeal of her criminal case, nor a habeas petition, nor a § 1983 claim. Plaintiff does not plausibly allege that an appeal of the State Bar ruling would have been a collateral attack on her criminal conviction or sentence. Plaintiff does not plausibly allege that Plaintiff (or Plaintiff's attorney) was prevented from meaningfully challenging the restitution

amounts in the criminal case due to her failure to file an appeal of the State Bar proceeding. *Cf.* Felony Minutes of October 22, 2012 Restitution Hearing, ECF No. 10-2 at 13 (indicating that Plaintiff was no longer incarcerated, present at the hearing, represented by counsel at the hearing, and the restitution amounts were "stipulated"). In light of Plaintiff's allegation that "[t]he issue of outstanding unpaid legal fees was *not* adjudicated in the State Bar's ruling," ECF No. 21 ¶ 56, Plaintiff's legal conclusion that "[o]nce the State Bar's ruling became final, that ruling acted as *res judicata* as to the subsequent amount of criminal restitution ordered," *id.*, is not plausible. *See Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992) ("To foreclose relitigation of an issue under collateral estoppel: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been *actually litigated* in the prior litigation....") (emphasis added). To the extent Plaintiff alleges that appeal of the State Bar proceeding was the only meaningful way to challenge her criminal conviction, sentence and restitution amount, Plaintiff has failed to plausibly allege that Defendants hindered Plaintiff's ability to bring a non-frivolous legal claim. *Lewis*, 518 U.S. at 353 & n.3 (holding that, to establish a constitutional claim for denial of access to the courts, a plaintiff must show that the denial has hindered her ability to bring a "non-frivolous legal claim"). The Court finds that *Bounds* and *Lewis* are inapplicable to the facts as alleged in the First Amended Complaint, and Plaintiff has failed to state a cognizable claim for denial of access to the courts.

Even if Plaintiff had adequately alleged facts sufficient to make *Bounds* and *Lewis* applicable, Plaintiff has failed to adequately allege facts to show that her claim would not be barred by the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), which prevents a plaintiff from bringing a civil rights action that "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." *Id.* at 487.[2] Plaintiff

---

[2] In *Heck*, the Court stated:

We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983

cites *Nonette v. Small*, 316 F.3d 872 (2002), and *Spencer v. Kemna*, 523 U.S. 1 (1998), in support of her contention that her claim is not barred by *Heck*. (ECF No. 21 at 6-7). In *Nonette*, the Court of Appeals for the Ninth Circuit interpreted *Spencer* as creating a limited exception to the *Heck* bar, permitting a § 1983 action challenging the denial of good time credits because the plaintiff had been released and habeas relief was unavailable. *See Nonette*, 316 F.3d at 876-78 & nn. 6-7. The exception recognized by *Nonette* is limited to (1) "former prisoners challenging loss of good-time credits, revocation of parole or similar matters," *id*. at 878 n.7, (2) who "diligently" pursued "expeditious litigation" to challenge those punishments to the extent possible. *Guerrero v. Gates*, 442 F.3d 697, 704-05 (9th Cir. 2006) (stating that, "though habeas relief for Guerrero may be impossible as a matter of law," because "Guerrero never challenged his convictions by any means prior to filing this lawsuit," "we decline to extend the relaxation of *Heck*'s requirements" and "hold that *Heck* bars Guerrero's § 1983 claims of wrongful arrest, malicious prosecution, and conspiracy"). In the First Amended Complaint, Plaintiff fails to adequately allege that she is "challenging loss of good-time credits, revocation of parole or similar matters," *Nonette*, 316 F.3d at 878 n.7, or "diligently" pursued "expeditious litigation" to challenge those punishments to the extent possible. *Guerrero*, 442 F.3d at 704-05. Plaintiff fails to allege that she appealed her criminal case or filed a habeas petition challenging any aspect of the criminal case.

To the extent Plaintiff alleges that Defendants denied her access to the courts to file a direct appeal in her criminal case, Plaintiff's claim would be barred because judicially-noticed documents show that Plaintiff was represented by counsel at all times in the criminal proceedings. *See United States v. Wilson*, 690 F.2d 1267, 1271-72 (9th Cir. 1982) (availability of court-appointed counsel satisfies the constitutional obligation

---

plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87.

to provide meaningful access to the courts). To the extent Plaintiff alleges that her counsel in the criminal proceedings was ineffective, Plaintiff has failed to allege that she diligently pursued a claim of ineffective assistance of counsel in a direct appeal of her criminal case or a habeas petition challenging the criminal case. *See Guerrero*, 442 F.3d at 704-05. The Motion to Dismiss is granted.

**IV. Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss First Amended Complaint is GRANTED. (ECF No. 22). The First Amended Complaint is DISMISSED without prejudice. No later than thirty (30) days from the date this Order is filed, Plaintiff may file a motion for leave to file a second amended complaint, accompanied by a proposed second amended complaint. If Plaintiff fails to timely file a motion for leave to file a second amended complaint, this case shall remain closed without further order of the Court.

DATED: May 14, 2014

**WILLIAM Q. HAYES**
United States District Judge