# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. GREGORY, | Civil No. 13cv1016-WQH-JMA |
| Plaintiff, | ORDER |
| vs. | |
| COUNTY OF SAN DIEGO; WILLIAM GORE, Sheriff; Counselor JENNIFER MONTIEL and DOES 1 through XX, inclusive,, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is Plaintiff's Motion for Leave to File Third Amended Complaint. (ECF No. 35).

## BACKGROUND

On April 29, 2013, Plaintiff Patricia A. Gregory, proceeding *pro se*, initiated this action by filing the Complaint. (ECF No. 1). On June 24, 2013, Defendants filed a motion to dismiss Plaintiff's complaint. (ECF No. 10). On October 15, 2013, the Court issued an Order granting Defendants' motion to dismiss. (ECF No. 16).

On January 21, 2014, Plaintiff filed a first amended complaint. (ECF No. 21). On February 2, 2014, Defendants filed a motion to dismiss the first amended complaint. (ECF No. 22). On May 14, 2014, the Court issued an Order granting Defendants' motion to dismiss the first amended complaint. (ECF No. 25).

On July 28, 2014, Gregory filed a second amended complaint. (ECF No. 30).

On July 31, 2014, Defendants filed a motion to dismiss the second amended complaint. (ECF No. 31). On October 10, 2014, the Court issued an Order granting Defendants' motion to dismiss the second amended complaint without prejudice and "with leave to file a motion to file an amended complaint within thirty days of the date of this order."

On November 7, 2014, Plaintiff filed the Motion for Leave to File Third Amended Complaint. (ECF No. 35). On December 1, 2014, Defendants filed a response. (ECF No. 36). On December 5, 2014, Plaintiff filed a reply. (ECF Nos. 37, 38).

## CONTENTIONS OF PARTIES

Plaintiff contends that significant material changes are provided in the third amended complaint. (ECF No. 38 at 2). Plaintiff contends that she provides a new and supportable argument to address the issue of the *Heck v. Humphrey*, 512 U.S. 477 (1994) bar. *Id.* at 3. Plaintiff contends that in the third amended complaint Plaintiff clearly sets forth facts to support a claim that she was unable to file a habeas petition challenging her criminal conviction because of the closing of the law library. *Id.* at 4. Plaintiff further contends that Plaintiff contends that she provides extensive case law to support her claims and that the failures of her attorneys were not properly addressed because Defendants blocked all access to the courts. *Id.* at 6. Plaintiff asserts that the "amendment could not possibly prejudice Defendants because the claims of the amended complaint arise out of the same actions and facts and circumstances as set forth in the original complaint." (ECF No. 35-1 at 6). Plaintiff asserts that she "has not added any additional exhibits and is still seeking the same amount of damages." *Id.* Plaintiff asserts that "[g]ranting [] Plaintiff's motion to amend will not cause undue delay because Plaintiff timely filed this motion pursuant to the Court's order of submission within 30 days." *Id.* Plaintiff asserts that she" does not request leave to amend in bad faith or for dilatory reasons," "[r]ather Plaintiff requests leave to amend in order to clarify and re-characterize more accurately the facts that are the basis for this claim." *Id.*

1  Defendants contend that leave to amend would be futile because Plaintiff has
2  already amended twice and nothing material has changed. (ECF No. 36 at 1).
3  Defendants contend that a comparison of the third amended complaint and the second
4  amended complaint shows that Plaintiff's amendments restate her prior allegations and
5  reiterate that her attorneys were incompetent. *Id*. at 1-2. Defendants contend that
6  Plaintiff's claim remains the same – that during her incarceration she was "denied
7  access to the courts" because the lack of a law library caused Plaintiff to miss a deadline
8  for filing a writ petition to the Supreme Court relating to her disbarment. *Id*.

9  Defendants further contend that Plaintiff's new allegation that she was prevented
10 from seeking habeas relief challenging her criminal conviction is not plausible. *Id*.
11 Defendants contend that Plaintiff had no grounds for seeking habeas relief because she
12 plead guilty and her restitution hearing was held after she was released from custody
13 while she was represented by counsel. *Id*.

## RULING OF COURT

15 Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given
16 when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with
17 extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th
18 Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court
19 considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing
20 party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not
21 all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice
22 to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at
23 1052 (citation omitted). "Absent prejudice, or a strong showing of any of the remaining
24 *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave
25 to amend." *Eminence Capital*, 316 F.3d at 1052.

26 After review of the motion and the proposed third amended complaint, the Court
27 will allow Plaintiff leave to amend. The Court finds that consideration of any challenge
28 to the merits of the proposed third amended complaint should be deferred until after the

amended pleading. *See Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of the challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

IT IS HEREBY ORDERED that the Motion for Leave to File Third Amended Complaint is granted. (ECF No. 35). Plaintiff shall file the proposed third amended complaint attached to the motion within ten (10) days of the date of this Order.

DATED: January 7, 2015

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge