# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. GREGORY,<br><br>               Plaintiff,<br>vs.<br>COUNTY OF SAN DIEGO,<br>WILLIAM D. GORE, SHERIFF,<br>COUNSELOR JENNIFER MONTIEL,<br>and DOES I through XX, inclusive,<br><br>               Defendants. | CASE NO. 13cv1016-WQH-JMA<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is the Motion to Dismiss Third Amended Complaint, filed by all Defendants. (ECF No. 41).

## BACKGROUND

    On April 29, 2013, Plaintiff Patricia A. Gregory, proceeding *pro se*, initiated this action by filing a Complaint in this Court seeking damages against Defendants pursuant to 42 U.S.C. section 1983. (ECF No. 1). On October 15, 2013, the Court issued an Order granting Defendants' motion to dismiss the Complaint on the grounds that the Complaint failed to state a plausible claim for denial of access to the courts, and the Complaint failed to adequately allege facts to show that Plaintiff's claim would not be barred by *Heck v. Humphrey*.[1] (ECF No. 16).

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

## I. First Amended Complaint

On January 21, 2014, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 21). The FAC alleged that "[o]n March 13, 2011, [Plaintiff], a family law attorney, was placed on inactive status and charged [in a California State Bar trial court] with misappropriation of $112,000 in [client] trust funds. Plaintiff filed a motion for review based upon perjured testimony of the clients, prosecutorial misconduct and trial court error." *Id.* ¶ 14.

On September 29, 2011, Plaintiff was charged in San Diego County Superior Court with 11 felony charges alleging that Plaintiff embezzled funds from client accounts. *Id.* ¶ 15. On January 23, 2012, Plaintiff signed a plea bargain/no contest to one felony and two misdemeanor counts because Plaintiff "feared [her former] clients' false statements would be believed at a criminal trial." *Id.* ¶ 19.

"On February 24, 2012, [Plaintiff] was sentenced to one year in [Las Colinas Women's Jail] based on the large amount of fees at issue." *Id.* ¶ 24. "Several days after [Plaintiff]'s incarceration, she began to request the use of the Las Colinas law library." *Id.* Plaintiff used the law library to "prepare appeals for the sentencing and state bar rulings [recommending that Plaintiff be disbarred]." *Id.* "Then, without notice or reason, her requests for library time went unanswered." *Id.* Plaintiff submitted "Inmate Request forms" on March 12, 2012 and March 14, 2012, seeking law library access. *Id.* ¶¶ 25-26.

On April 1, 2012, Plaintiff received "a notice that the Law Library had been replaced by a legal research service." *Id.* ¶ 27. "The legal research service limited inmate requests to only ONE per calendar month and only FIVE questions could be asked each month." *Id.* "This service was woefully deficient...." *Id.*

On April 18, 2012 and April 30, 2012, Plaintiff sent handwritten letters to the Supreme Court of California "explaining that she was incarcerated and unable to comply with procedures, fearful that she would miss the deadline for submitting a petition for writ of review [of the State Bar proceeding]." *Id.* ¶ 30; *see also id.* ¶ 31.

1      On April 24, 2012, May 4, 2012, and June 4, 2012, a deputy clerk with the Supreme Court of California wrote to Plaintiff stating that, "[t]o consider your petition, we require the petition to be in the proper form." *Id* ¶¶ 30, 32. On June 15, 2012, Plaintiff sent another letter to the Supreme Court of California. *Id*. ¶ 34. "On June 28, 2012, the [Supreme Court] clerk acknowledged Plaintiff's letter of June 15, 2012, however the deadline for submitting a petition had pas[sed]." *Id*. "The lack of a law library, lack of research materials and lack of the tools needed to draft and make copies of a petition caused Plaintiff to miss the deadline for filing a writ of petition to the Supreme Court regarding the underlying ruling of her criminal conviction and restitution order." *Id*.

      "Defendants ... violated Plaintiff's First, Sixth and Fourteenth amendment rights causing actual injury to Plaintiff." *Id*. ¶ 8. "Defendants interfered with [Plaintiff's] ability to file an appeal of her sentencing and her appeal of the State Bar ruling because they shut her out from all access to legal information for over 60 days. [Plaintiff] was trying to collaterally attack the criminal judgment with a reversal of the State Bar ruling." *Id*.   ¶ 34.

      On August 10, 2012, Plaintiff was released from custody. *Id*. ¶ 3.

      "Once Plaintiff was denied access to petition the Supreme Court of California for review of the State Bar's ruling, she was permanently disbarred." *Id*. ¶ 56. "The issue of outstanding unpaid legal fees was *not* adjudicated in the State Bar's ruling.... Once the State Bar's ruling became final, that ruling acted as *res judicata* as to the subsequent amount of criminal restitution ordered and supported the length of the criminal sentencing." *Id*. "Plaintiff never had the opportunity to petition the Supreme Court for a review of this administrative ruling yet constitutionally she is entitled to collaterally attack the criminal judgment. Plaintiff had a constitutional right to access the courts in order to properly address this crippling ruling, a right that was cruelly denied by the arbitrary acts of Defendants." *Id*.

      Pursuant to 42 U.S.C. section 1983, the SAC sought declaratory relief,

compensatory damages in the amount of $250,000 against each Defendant, and punitive damages in the amount of $250,000 against each Defendant. *Id*. ¶ 57-59.

On February 2, 2014, Defendants filed a motion to dismiss the FAC. (ECF No. 22). On May 14, 2014, the Court issued an Order granting Defendants' Motion to Dismiss the FAC. (ECF No. 25). The May 14, 2014 Order first addressed whether Plaintiff was denied access to the courts. The Court found that:

> Prisoners have a constitutional right of meaningful access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). To establish a constitutional claim for denial of access to the courts, a plaintiff must show that the denial has hindered her ability to bring a non-frivolous legal claim. *See id*. at 351-53 & n.3. The right of access protects only non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *See id*. at 353-55 & n.3; *see also id*. at 355 ("The tools [*Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."); *cf. Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1159-60 (9th Cir. 2003) ("[A] prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim").

(ECF No. 25 at 6). The Court concluded that "Plaintiff's appeal of the State Bar ruling against her is neither an appeal of her criminal case, nor a habeas petition, nor a § 1983 claim." *Id*. The Court further concluded that the facts alleged were not sufficient to show that an attack on Plaintiff's State Bar ruling was a collateral attack of her criminal judgment.

The May 14, 2014 Order addressed whether Plaintiff's claim was barred by *Heck v. Humphrey*, 512 U.S. 477. The Court found that:

> Even if Plaintiff had adequately alleged facts sufficient to make *Bonds* and *Lewis* applicable, Plaintiff has failed to show that her claim would not be barred by the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), which prevents a plaintiff from bringing a civil rights action that "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." *Id.* at 487. Gregory cites *Nonnette v. Small*, 316 F.3d 872 (2002), and *Spencer v. Kemna*, 523 U.S. 1 (1998), in support of her contention that her claim is not barred by *Heck*. (ECF No. 21 at 6-7). In *Nonette*, the Court of Appeals for the Ninth Circuit interpreted *Spencer* as creating a limited exception to the *Heck* bar, permitting a § 1983 action challenging the denial of good time credits because the plaintiff had been released and habeas relief was unavailable. *See Nonette*, 316 F.3d at 876-78 & nn. 6-7. The exception recognized by *Nonette* is limited to "former prisoners challenging loss of good-time credits, revocation of parole or similar matters," *id*. at 878 n.7, who "diligently" pursued "expeditious litigation" to challenge those punishments to the extent possible. *Guerrero v. Gates*, 442 F.3d 697, 704-05 (9th Cir. 2006) (stating

1  that, "though habeas relief for Guerrero may be impossible as a matter of law," because "Guerrero never challenged his convictions by any means prior to filing this lawsuit," "we decline to extend the relaxation of *Heck*'s requirements" and "hold that *Heck* bars Guerrero's § 1983 claims of wrongful arrest, malicious prosecution, and conspiracy").

(ECF No. 25 at 7-8).

The Court concluded that "[i]n the First Amended Complaint, [Plaintiff] fails to adequately allege that she is 'challenging loss of good-time credits, revocation of parole or similar matters,' ... or 'diligently' pursued 'expeditious litigation' to challenge those punishments to the extent possible.... Plaintiff fails to allege that she appealed her criminal case or filed a habeas petition challenging any aspect of the criminal case." *Id*. at 8.

The Court further concluded that "[t]o the extent Plaintiff alleges that Defendants denied her access to the courts to file a direct appeal in her criminal case, Plaintiff's claim would be barred because judicially-noticed documents show that Plaintiff was represented by counsel at all times in the criminal proceedings.... To the extent Plaintiff alleges that her counsel in the criminal proceedings was ineffective, Plaintiff has failed to allege that she diligently pursued a claim of ineffective assistance of counsel in a direct appeal of her criminal case or a habeas petition challenging the criminal case...."

The Court concluded that the FAC "failed to state a cognizable claim for denial of access to the court" and that the FAC "failed to adequately allege facts to show that Plaintiff's claim was not barred by the rule announced in *Heck v. Humphrey*, 512 U.S. 447 (1994)." *Id*. at 7-8.

**II.     Second Amended Complaint**

On July 28, 2014, Plaintiff filed a Second Amended Complaint ("SAC"). (ECF No. 30). The SAC alleged that "[o]n March 13, 2011, [Plaintiff], a family law attorney, was placed on inactive status and charged with misappropriation of $112,000 in trust funds after trial." (ECF No. 30 ¶ 36). "The State Bar trial should have addressed two issues. (1) Whether [Plaintiff] had her clients' written consent to withdraw funds from their trust account and (2) whether the amount of fees earned by [Plaintiff] equaled the

1   withdrawn funds.  The SAC alleged that the "State Bar erroneously addressed only one
2   issue, leaving the ... issue of whether or not [Plaintiff] earned all the fees withdrawn"
3   undecided.  *Id*. ¶ 14. "The State Bar's erroneous ruling ordering reimbursement of
4   $112,000 was then used as the standard in all subsequent actions." *Id*. ¶ 18.

5   "On September 29, 2011, [Plaintiff] was charged with 11 felony counts adding
6   up to 20 years in State Prison..." *Id*. ¶ 37. "On January, 23, 2012[,] Plaintiff signed a
7   plea bargain/no contest to one felony and two misdemeanor counts..." *Id*. ¶ 41. "On
8   February 24, 2012[,] Plaintiff was sentenced to one year in county jail based on the
9   large amount of fees at issue and was immediately taken into custody from the
10  courtroom." *Id*. ¶ 47.

11  "Several days after [Plaintiff's] incarceration she began to request the use of the
12  Las Colinas law library..." *Id*.  "[Plaintiff] began to utilize the law library to prepare
13  appeals for the sentencing, and state bar rulings." *Id*.  "Then, without notice or reason,
14  Plaintiff's requests for library time went unanswered." *Id*.

15  "Plaintiff contacted the Supreme Court of California explaining that she was
16  incarcerated and unable to comply with procedures..." *Id*. ¶ 53. "On [April 18, 2012]
17  she sent a handwritten letter to the Supreme Court outlining her reasons for an appeal
18  and explained her lack of tools." *Id*.

19  "The lack of a law library, lack of research materials[,] and lack of the tools
20  needed to draft and make copies of a petition caused Plaintiff to miss the deadline for
21  filing a writ of petition to the Supreme Court regarding the underlying ruling of her
22  criminal conviction and restitution order." *Id*. ¶ 57. "Defendants interfered with
23  Gregory's ability to file an appeal of her sentencing and her appeal of the State Bar
24  ruling because they shut her out from all access to legal information for over 60 days.
25  [Plaintiff] was trying to collaterally attack the criminal judgment with a reversal of the
26  State Bar ruling." *Id*.

27  "On September 6, 2012[,] after Plaintiff had been released, she filed an
28  application for relief from judgment of disbarment. On Septembe 10, 2012[,] Plaintiff

received a letter from Frank McQuire, clerk of the Supreme Court stating, 'Returned unfiled are your documents received September 10, 2012. The order on discipline filed in the above referenced matter is final.'" *Id.* ¶ 62.

Pursuant to 42 U.S.C. section 1983, the SAC sought declaratory relief, compensatory damages in the amount of $250,000 against each Defendant, and punitive damages in the amount of $250,000 against each Defendant. *Id.* ¶ 80-82.

On July 31, 2014, Defendants filed a motion to dismiss the SAC without leave to amend on grounds of failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 31). On October 10, 2014, the Court issued an Order granting Defendants' Motion to Dismiss SAC. (ECF No. 34). The Court concluded that:

> [T]here is no basis to infer from the facts in the SAC that the attack on Plaintiff's State Bar ruling was a collateral attack of her criminal case. Plaintiff had the opportunity to bring the claim of earned fees before the Judge in her criminal case and she alleges the Judge chose not to consider the claim. *See* ECF No. 30 at 9 ("The criminal Judge in turn accepted the recommendation of the Probation Department...and ignored Gregory's claim of earned fees."). Plaintiff "signed a plea bargain/no contest to one felony and two misdemeanor counts." *Id.* at 21. Even if Plaintiff had successfully appealed the State Bar ruling, there are no facts alleged which would support a claim that the State Bar ruling would have any collateral effect on Plaintiff's criminal conviction or sentence. Plaintiff does not plausibly allege facts to show that an appeal to the State Bar ruling was a collateral attack on her criminal conviction or sentence. *See also* ECF No 25 at 6.

(ECF No. 34 at 9-10).

The Court further concluded that:

> The SAC fails to allege facts to show that she was prevented from meaningfully challenging the restitution amounts in the criminal case due to her failure to file an appeal of the State Bar ruling. *Cf.* Felony Minutes of October 22, 2012 Restitution Hearing, ECF No. 10-2 at 13 (indicating that Plaintiff was no longer incarcerated, present at the hearing, represented by counsel at the hearing, and restitution amounts were "stipulated"). The SAC alleges that Plaintiff entered a guilty plea, that Plaintiff had a restitution hearing at which she was present and represented by counsel, and that Plaintiff stipulated to the amount of restitution at the hearing.

(ECF No. 34 at 10).

Finally, the Court concluded that:

> To the extent Plaintiff alleges that an appeal of the State Bar proceeding was the only meaningful way to challenge her criminal conviction, sentence and restitution amount, the Court finds that the SAC fails to plausibly allege facts to show that Defendants hindered her ability to bring a non-frivolous legal claim.... Plaintiff's appeal to the State Bar was not an appeal of her criminal case, a habeas petition, or a § 1983 claim. The Court finds that Plaintiff has failed to state a plausible claim for denial of access to the courts in the SAC.

(ECF No. 34 at 10).

The October 10, 2014 Order then addressed whether Plaintiff's claim was barred by *Heck v. Humphrey*, 512 U.S. 477. The Court concluded that:

> In this case, Plaintiff seeks to recover damages against Defendants under § 1983 for deliberate indifference to her requests for legal materials preventing her from filing 'a petition for writ of review with the Supreme Court of California regarding her state bar suspension.' (ECF No. 30 at 35). Plaintiff alleges that Defendants actions 'directly cause [Plaintiff] to lose her right to appeal the underlying cause of her criminal conviction.' (ECF No. 30 at 34). Any judgment in favor of Plaintiff in this case would necessarily imply the invalidity of her conviction and sentence. Plaintiff fails to allege that she appealed her criminal case or filed a habeas petition challenging any aspect of the criminal case. Plaintiff has no cognizable claim under § 1983 for damages. No exception to *Heck* applies in this case.

(ECF No. 34 at 12-13).

The Court further concluded that:

> To the extent Plaintiff alleges that Defendants denied her access to the courts to file a direct appeal in her criminal case, Plaintiff's claim would be barred because judicially-noticed documents show that Plaintiff was represented by counsel at all times in the criminal proceedings.... To the extent Plaintiff alleges that her counsel in the criminal proceedings was ineffective, Plaintiff has failed to allege that she diligently pursued a claim of ineffective assistance of counsel in a direct appeal of her criminal case or a habeas petition challenging the criminal case....

(ECF No. 34 at 13).

The Court concluded that the FAC "failed to state a plausible claim for denial of access to the courts in the SAC," that "Plaintiff has no cognizable claim under § 1983 for damages," and that "[n]o exception to *Heck* applies in this case." *Id*. at 10, 12-13.

## III. Third Amended Complaint

On November 7, 2014, Plaintiff filed a Motion for Leave to File Third Amended Complaint ("TAC") with an attached proposed third amended complaint. (ECF No. 35). On January 7, 2015, the Court issued an Order granting Plaintiff's Motion for

Leave to File TAC and ordering Plaintiff to file the proposed TAC within ten days. (ECF No. 39). On January 10, 2015, Plaintiff filed the TAC, which is the operative pleading.

On January 26, 2015, Defendants filed the Motion to Dismiss TAC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 41). On February 15, 2015, Plaintiff filed a response in opposition. (ECF No. 42).

## ALLEGATIONS OF THIRD AMENDED COMPLAINT

"The State Bar trial should have addressed two issues. (1) Whether Gregory had her clients' written consent to withdraw funds from their trust account and (2) whether the amount of fees earned by Gregory equaled the withdrawn funds." (ECF No. 40 ¶ 14). "The State Bar erroneously addressed only the first issue, leaving the second undecided." *Id*. ¶ 15. "The State Bar 's erroneous ruling ordering reimbursement of $112,000 (which included fees earned before the deposit of disputed funds) was then used as the standard in all subsequent actions. *Id*. ¶ 19. "If Plaintiff had been able to challenge the unconstitutional State Bar recommendation, the result could have been the reduction or elimination of the amount of allegedly misappropriated funds thus affecting the subsequent amount of criminal restitution ordered." *Id*. ¶ 20.

"Plaintiff's appeal of the State Bar ruling is a collateral attack on her criminal sentencing because the State Bar ruling was an unconstitutional taking that formed the basis for the criminal case. Plaintiff's incompetent attorneys made an egregious error when they failed to argue that the State Bar's recommendation was advisory only." *Id*. ¶ 21. "In fact, her criminal attorneys erred by failing to argue for a stay of the criminal proceedings until an actual order for disbarment was put into place, rather than allowing the Court to rely on a mere recommendation." *Id*.

"The act of the State Bar ordering reimbursement for all fees without adjudicating a fee balance earned before any alleged wrongdoing took place caused every subsequent official to accept the State Bar's restitution order." *Id*. ¶ 25.

"[Plaintiff's] attorneys had promised to file motions to dismiss the case yet no

motions were ever filed." *Id.* ¶ 28. "[Plaintiff's] attorneys made an egregious error when they failed to argue that the pending State Bar appeal should be completed before the finalization of her criminal case." *Id.* "But for her attorney's mistake, Gregory could have challenged the unconstitutional State Bar order, and reduced or eliminated the amount of allegedly misappropriated funds which in turn would have affected her sentence and perhaps incarceration itself." *Id.* ¶ 29.

"On January 23, 2012 Gregory signed a plea bargain/no contest to one felony and two misdemeanor counts because she was frightened and intimidated with the eleven felony charges and resulting prison time." *Id.* ¶ 46. "Plaintiff's attorney also misled her during the plea bargain phase of her criminal proceedings.... They led her to believe that she would only have to pay $50 a month in restitution." *Id.* ¶ 31. "Another issue with her attorneys was they never advised her of the impossibility of finding a job, such that they misled led her as to the consequences of her plea bargain. They painted a deceptively bright picture that would never and could not materialize." *Id.*

On February 24, 2012 Gregory was sentenced to one year in county jail based on the large amount of fees at issue and was immediately taken into custody from the courtroom. Several days after Gregory's incarceration she began to request the use of the Las Colinas law library, which was a small room in the main administration building. Gregory began to utilize the law library to prepare appeals for the sentencing, and state bar rulings. Plaintiff made about four visits to the law library, over a ten day period, each visit lasting approximately 2 hours. Then, without notice or reason, her requests for library time went unanswered. *Id.* ¶ 52. "Her attorneys never objected, never asked the court for time for Gregory to take care of personal business. Once incarcerated Gregory's attorneys never helped her with the procedures needed to deal with incarceration. And when she wrote to her attorneys asking what to do about the length of the sentence, they responded by agreeing with the Judge and refused to help her any further." *Id.* ¶ 32. "[Plaintiff] had ineffective attorneys who would certainly not help with a habeas petition as it would prove their incompetence." *Id.* ¶ 33.

1  "Before she was able to properly prepare filings for the above mentioned actions, the
2  law library was shut down without notice." *Id*. ¶ 36.

3  "[I]t was impossible for [Plaintiff] to obtain a reversal because [Plaintiff] was
4  blocked from the very court system that could have proven the amount of restitution
5  ordered by the State Bar was both unconstitutional and unsupportable by the evidence."
6  *Id*. ¶ 38. "Without an ability to pursue review of the State Bar order, it was impossible
7  for [Plaintiff] to comply with *Heck*. Thus [Plaintiff] has the right to bring forward this
8  claim which is a non frivolous direct and collateral attack on judgment as required by
9  *Lewis*." *Id*. ¶ 40. "[Plaintiff] lost all ability to attack the sentencing portion of her
10 judgment, when she could no longer afford her incompetent attorneys, and had no
11 access to any legal information to file a criminal appeal." *Id*. ¶ 41.

12  "Plaintiff contacted the Supreme Court of California, explaining that she was
13 incarcerated and unable to comply with procedures, fearful that she would miss the
14 deadline for submitting a petition for writ of review. On [April 18, 2012], she sent a
15 handwritten letter to the Supreme Court outlining her reasons for an appeal and
16 explained her lack of tools.

17  "Defendants interfered with [Plaintiff's] ability to file an appeal of her sentencing
18 and her appeal of the State Bar ruling because they shut her out from all access to legal
19 information for over 60 days. [Plaintiff] was trying to collaterally attack the criminal
20 judgment with a reversal of the State Bar ruling." *Id*. ¶ 62.

21  "[Plaintiff] had diligently attempted to appeal her sentence and the State Bar
22 ruling, yet because of the consistently negligent responses of the Defendants ... and the
23 refusal of the Supreme Court of California to accept any document tha[t] did not
24 conform to their technical requirements, she lost her right to appeal both cases, neither
25 of which were frivolous. The Defendants intentionally denied Gregory the tools that
26 she needed to directly attack her sentence through an appeal and collaterally attack the
27 judgment by reversing the State Bar's recommendation." *Id*. ¶ 67.

28  Pursuant to 42 U.S.C. section 1983, the SAC sought declaratory relief,

1  compensatory damages in the amount of $250,000 against each Defendant, and punitive
2  damages in the amount of $250,000 against each Defendant. *Id.* ¶ 87-89.

## CONTENTIONS OF PARTIES

Defendants contend that Plaintiff's claims in the TAC are essentially identical to those in the original and two amended complaints and the Court has concluded that those complaints failed to allege facts that plausibly state a claim. Defendants contend Plaintiff fails to plausibly allege facts to support a claim including the requisite element of actual injury as required by *Lewis v. Casey*. Defendants further contend that *Heck v. Humphrey* bars Plaintiff's action because Plaintiff's conviction and sentence have not been invalidated.

Plaintiff contends that she suffered actual injury when she was so "...stymied by the inadequacies of the law library" that she could not directly attack her judgment. (ECF No. 42 at 3). Plaintiff contends that she was also "frustrated or (and) being impeded" from filing a petition indirectly attacking the judgment in the underlying State Bar ruling due to lack of access to the courts. *Id*. Plaintiff contends that her inability to file a petition was directly due to the actions of the Defendants.

Plaintiff contends that the *Heck* bar does not apply to the facts in this case because she had no access to the courts and, therefore, Plaintiff had no access to habeas relief. Plaintiff contends that she had no ability to challenge the competency of her attorneys, could not afford to hire a new attorney, and could not file a petition to review the State Bar's erroneous ruling because all legal access was removed. Plaintiff further contends that she contacted the Supreme Court numerous times, wrote a letter directly to the presiding judge, and used every tool she had available in an effort to file a petition for review of her State Bar ruling.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

*Pro se* complaints are held to a less stringent standard than formal pleadings by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* plaintiff's complaint must be construed liberally to determine whether a claim has been stated. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). "Although [courts] construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### RULING OF THE COURT

**A.   Denial of Access to the Courts**

Prisoners have a constitutional right of meaningful access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821

1  (1977)). To establish a constitutional claim for denial of access to the courts, a plaintiff
2  must show that the denial has hindered her ability to bring a non-frivolous legal claim.
3  *See id.* at 351-53 & n.3. The right of access protects only non-frivolous direct criminal
4  appeals, habeas corpus proceedings, and § 1983 actions. *See id.* at 353-55 & n.3; *see*
5  *also id.* at 355 ("The tools [*Bounds*] requires to be provided are those that the inmates
6  need in order to attack their sentences, directly or collaterally, and in order to challenge
7  the conditions of their confinement. Impairment of any *other* litigating capacity is
8  simply one of the incidental (and perfectly constitutional) consequences of conviction
9  and incarceration."); *cf. Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156,
10 1159-60 (9th Cir. 2003) ("[A] prisoner has no constitutional right of access to the courts
11 to litigate an unrelated civil claim").

12  Plaintiff alleges that she "was trying to collaterally attack the criminal judgment
13 with a reversal of the State Bar ruling." (ECF No. 40 ¶ 63). Plaintiff alleges that her
14 "appeal of the State Bar ruling is a collateral attack on her criminal sentencing because
15 the State Bar ruling was an unconstitutional taking that formed the basis for the criminal
16 case." *Id.* ¶ 21. Plaintiff alleges that "it was the amount of restitution that affected the
17 length of the sentence." *Id.* ¶ 23. Plaintiff further alleges that "[w]hen Plaintiff
18 received the maximum sentence, it was in fact based on an erroneous amount of
19 misappropriated funds provided by the State Bar recommendation. If Plaintiff had been
20 able to challenge the unconstitutional State Bar recommendation, the result could have
21 been the reduction or elimination of the amount of allegedly misappropriated funds thus
22 affecting the subsequent amount of criminal restitution ordered." *Id.* ¶ 20.

23  The Court concludes that there is no basis to infer from the facts alleged in the
24 TAC that the attack on Plaintiff's State Bar ruling was a collateral attack of her criminal
25 case. The alleged facts demonstrate that Plaintiff had the opportunity to bring the claim
26 of earned fees before the Judge in her criminal case. *See* ECF No. 40 ¶ 24 ("The
27 Criminal Judge in turn accepted the recommendation of the Probation Department in
28 its entirety and ignored Gregory's claim of earned fees."). Plaintiff concedes in the

TAC that the State Bar ruling was only advisory in her criminal case. *See id.* ¶ 21 ("Criminal charges were filed against Gregory based upon the Decision and Order of Inactive Enrollment filed March 1, 2011 by the State Bar Court. This decision was advisory only."). Even if Plaintiff had successfully appealed the State Bar ruling, there are no facts alleged which would support a claim that the reversal of the State Bar ruling would have any collateral effect on Plaintiff's criminal conviction or sentence. Plaintiff does not plausibly allege facts to show that an appeal of the State Bar ruling was a direct or collateral attack of her sentence or the conditions of her confinement. *See Lewis*, 518 U.S. at 355 ("The tools [*Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.").

To the extent Plaintiff alleges that an appeal of the State Bar proceeding was the only meaningful way to challenge her criminal conviction, sentence and restitution amount, the Court finds that the TAC fails to plausibly allege facts to show that Defendants hindered her ability to bring a non-frivolous legal claim. *Lewis*, 518 U.S. at 353 & n.3 (holding that, to establish a constitutional claim for denial of access to the courts, a plaintiff must show that the denial has hindered her ability to bring a "non-frivolous legal claim"). Plaintiff's appeal to the State Bar was not an appeal of her criminal case, a habeas petition, or a § 1983 claim. *See Lewis*, 512 U.S. at 354-55 (stating that "the injury requirement is not satisfied by just any type of frustrated legal claim." "*Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction

and incarceration.").

To the extent Plaintiff alleges that "[t]he acts of the Defendants stymied [Plaintiff] such that she could not even file ... a habeas petition," Plaintiff's TAC fails to allege facts to show that she attempted to file a habeas petition. Plaintiff alleges only that "[s]he began to review the elements of a habeas action." *Id.* ¶ 36. Plaintiff's TAC suffers from the same deficiencies as the First and Second Amended Complaints. The Court finds that Plaintiff has failed to state a plausible claim for denial of access to the courts in the TAC. *See* ECF No. 25 at 7; ECF No. 34 at 10.

Furthermore, the TAC fails to allege facts to show that Defendants prevented Plaintiff from meaningfully challenging the restitution amounts in the criminal case due to her failure to file an appeal of the State Bar ruling. The record indicates that Plaintiff was no longer incarcerated at the time of her restitution hearing; that Plaintiff was present at the hearing; that Plaintiff was represented by counsel at the hearing; and that Plaintiff "stipulated" to the restitution amounts. *Cf.* Felony Minutes of October 22, 2012 Restitution Hearing, ECF No. 10-2 at 13.[2]

### B.   *Heck v. Humphrey*

In *Heck*, the Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of

---

[2] The Court took judicial notice of the Felony Minutes of October 22, 1012 Restitution Hearing, ECF No. 10-2. *See* ECF No. 16 at 4, n. 1 ("The unopposed Request for Judicial Notice is granted.").

1 | some other bar to the suit.
2 | *Heck*, 512 U.S. at 486-87.
3 |      Plaintiff contends that her claim is not barred by *Heck* because she had no access
4 | to the courts and, therefore, she had no access to habeas relief. In *Nonette*, the Court
5 | of Appeals for the Ninth Circuit interpreted *Spencer* as creating a limited exception to
6 | the *Heck* bar, permitting a § 1983 action challenging the denial of good time credits
7 | because the plaintiff had been released and habeas relief was unavailable. *See Nonette*
8 | *v. Small*, 316 F.3d 872, 876-78 & nn. 6-7 (9th Cir. 2002). The exception recognized
9 | by *Nonette* is limited to (1) "former prisoners challenging loss of good-time credits,
10 | revocation of parole or similar matters," *id.* at 878 n.7, (2) who "diligently" pursued
11 | "expeditious litigation" to challenge those punishments to the extent possible. *Guerrero*
12 | *v. Gates*, 442 F.3d 697, 704-05 (9th Cir. 2006) (stating that, "though habeas relief for
13 | Guerrero may be impossible as a matter of law," because "Guerrero never challenged
14 | his convictions by any means prior to filing this lawsuit," "we decline to extend the
15 | relaxation of *Heck*'s requirements" and "hold that *Heck* bars Guerrero's § 1983 claims
16 | of wrongful arrest, malicious prosecution, and conspiracy").
17 |      Plaintiff seeks to recover damages for her incarceration pursuant to section 1983.
18 | *See* ECF No. 40 at 45 ("Plaintiff is requesting $250,000 from each defendant as it
19 | represents the damages inflicted upon Plaintiff due to her incarceration and loss of
20 | earnings."). Any judgment awarding damages in favor of Plaintiff in this case "due to
21 | her incarceration and loss of earnings" would necessarily imply the invalidity of her
22 | conviction and sentence. (ECF No. 40 at 45). Because Plaintiff cannot demonstrate
23 | that the conviction or sentence has been invalidated, Plaintiff has no cognizable claim
24 | under § 1983 for damages. *See Heck*, 512 U.S. at 486-87. Furthermore, like *Guerrero*,
25 | in this case, Plaintiff did not file any challenge to her conviction prior to the present
26 | action seeking damages pursuant to Section 1983. *See Guerrero*, 442 F.3d 697, 704-05.
27 | Accordingly, the Court "decline[s] to extend the relaxation of *Heck's* requirements."
28 | *Id.* at 705.

1  To the extent Plaintiff alleges that Defendants denied her access to the courts to file a direct appeal in her criminal case, Plaintiff's claim would be barred because judicially-noticed documents show that Plaintiff was represented by counsel at all times in the criminal proceedings. *See United States v. Wilson*, 690 F.2d 1267, 1271-72 (9th Cir. 1982) (availability of court-appointed counsel satisfies the constitutional obligation to provide meaningful access to the courts).  To the extent Plaintiff alleges that her counsel in the criminal proceedings was ineffective, Plaintiff has failed to allege that she diligently pursued a claim of ineffective assistance of counsel in a direct appeal of her criminal case or a habeas petition challenging the criminal case. *See Guerrero*, 442 F.3d at 704-05.  The only mention of a claim of ineffective assistance of counsel is that Plaintiff "looked up the issue." (ECF No. 40 ¶ 36).

Because the TAC suffers from the same deficiencies identified by the Court with respect to Plaintiffs' First and Second Amended Complaints (ECF Nos. 25, 34), the Court finds that further amendment would be futile.  The motion to dismiss Plaintiff's TAC claim is granted with prejudice.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss Third Amended Complaint is GRANTED.   (ECF No. 41).   The Third Amended Complaint is DISMISSED with prejudice.  The Court will direct the clerk to close the case.

DATED: April 28, 2015

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge